UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE D. DAWSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:14-cv-0084 KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　On January 14, 2014, plaintiff Leslie D. Dawson, proceeding without the assistance of counsel, filed this social security action and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1, 2.)[1]  The court granted plaintiff's motion to proceed in forma pauperis and directed the United States Marshal to effectuate service of the complaint on plaintiff's behalf on January 16, 2014.  (ECF No. 3.)  On that same day, the court also issued a scheduling order for this case, which expressly stated that "[p]laintiff shall file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record."  (ECF No. 4 at 2.)  The court cautioned in that order that "[f]ailure to adhere to the schedule outlined above may result in sanctions, including dismissal.  L.R 110.  Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a

---

[1] This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

1

dismissal for lack of prosecution. Fed. R. Civ. P. 41(b)." (ECF No. 4 at 3.)

On April 28, 2014, the Commissioner filed both an answer to plaintiff's complaint and a copy of the administrative record for this case. (ECF Nos. 9, 10.) Copies of these filings were served on plaintiff via mail at her address of record. (ECF Nos. 9 at 3, 10 at 3.) Plaintiff failed to file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record. Accordingly, on August 19, 2014, the court issued an order to show cause directing plaintiff to file a motion for summary judgment and/or remand and to show cause in writing why this case should not be dismissed for lack of prosecution and failure to comply with court orders within 28 days of the date of that order. (ECF No. 11.) The court also warned plaintiff that failure to file these documents in a timely fashion would result in the dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b) by stating the following:

> Failure to timely file any of these required writings will result in dismissal of the action without prejudice. See Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

(Id. at 2.) Pursuant to the new deadline set by the court's August 19, 2014 order to show cause, plaintiff had until September 16, 2014 to file both documents. Although that deadline has now passed, plaintiff has not filed a motion for summary judgment and/or remand or a writing showing cause why this case should not be dismissed for lack of prosecution and failure to comply with court orders.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal.  Plaintiff has not responded to the court's orders in this action; nor has she otherwise participated in this case since her original filings.  Thus, it appears that the court is devoting scarce judicial resources to this litigation despite plaintiff's apparent intent to abandon it.

The third Ferdik factor, prejudice to defendants, also favors dismissal.  At the very least, a defendant has been named in a civil action, has been served with the complaint, has made

1  multiple filings responsive to the complaint, and has had progress towards resolution of the case
2  delayed by plaintiff's failure to comply with the court's order and the Local Rules.  The fifth
3  Ferdik factor, availability of less drastic alternatives, also favors dismissal.  Instead of initially
4  recommending dismissal, the court first provided plaintiff with an opportunity to explain her
5  failures by virtue of the order to show cause.  Plaintiff failed to respond to the order to show
6  cause or even request an extension of time in order to do so, despite having been clearly warned
7  of the potential consequences.  Furthermore, even if the court were inclined to attempt monetary
8  sanctions first, plaintiff here is proceeding in forma pauperis and thus unlikely to be able to pay
9  any significant monetary sanctions.

10  The court also recognizes the importance of giving due weight to the fourth factor, which
11  addresses the public policy favoring disposition of cases on the merits.  However, for the reasons
12  set forth above, factors one, two, three, and five support a recommendation of dismissal of this
13  action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least
14  four factors support dismissal or where at least three factors 'strongly' support dismissal."
15  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks
16  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general
17  public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If
18  anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with
19  the court's order and the Local Rules.

20  Accordingly, after an evaluation of all the Ferdik factors, the court finds that plaintiff's
21  case should be dismissed.  However, in light of plaintiff's pro se status and alleged disability, the
22  court recommends that dismissal be without prejudice.

23  For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court randomly
24  select and assign a United States District Judge to this case.

25  IT IS ALSO HEREBY RECOMMENDED that:
26  1. This action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of
27  Civil Procedure 41(b).
28  2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  September 26, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE